IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARIO SCOTT,                     )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>     vs.                         )<br>                                  )<br>NEBRASKA DEPARTMENT OF            )<br>CORRECTIONAL SERVICES, et al.,   )<br>                                  )<br>     Defendants.                 ) | 4:04cv3347<br><br>MEMORANDUM AND ORDER |

Before the court is the complaint filed by the plaintiff, Dario Scott, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS") who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against DCS and three employees of DCS who allegedly interfered with the plaintiff's right to practice his religion. Construing ¶ IV.A. of the complaint liberally, the plaintiff has sued the three employees of DCS in their individual capacity.

DCS has filed a Motion to Dismiss (filing no. 21), and all defendants have filed a Motion for Summary Judgment (filing no. 33). In filing no. 21, DCS merely states that the State of Nebraska and its agencies, including DCS, are shielded by sovereign immunity from the plaintiff's claim for damages.

It is true that state sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a private party from suing a state or its agencies and state employees in their official capacity for monetary relief, except insofar as a state or the Congress of the United States has abrogated the state's sovereign

immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case. However, the Eleventh Amendment does not preclude the recovery of damages from state employees in their individual capacity.

In their Motion for Summary Judgment (filing no. 33), the defendants assert that the plaintiff failed to complete exhaustion of administrative remedies before filing this lawsuit. As the court has previously stated in the Order on Initial Review in this case, 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not *complete* the available grievance procedures, the plaintiff's claims may be subject to dismissal without prejudice.

THEREFORE, IT IS ORDERED:

1. That filing no. 21, the Motion to Dismiss filed by the Nebraska Department of Correctional Services ("DCS") is granted, in that the State of Nebraska, DCS, and employees of the State in their official capacity are shielded by sovereign immunity from

liability for monetary relief to the plaintiff;

     2.     That by December 12, 2005, the plaintiff shall file a written pleading stating whether or not he submitted a "Step 2" grievance (even if not timely) regarding the subject matter of this litigation (religious rights) before he filed his complaint in court; and

     3.     That filing no. 33, the defendants' Motion for Summary Judgment, is taken under advisement until after December 12, 2005.

     November 15, 2005.         BY THE COURT:

                                      /s *Richard G. Kopf*
                                      United States District Judge