IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARIO SCOTT,              )<br>                                      )<br>         Plaintiff,             )<br>                                      )<br>    vs.                          )<br>                                      )<br>NEBRASKA DEPARTMENT OF )<br>CORRECTIONAL SERVICES, et al., )<br>                                      )<br>         Defendants.         ) | 4:04cv3347<br><br>MEMORANDUM AND ORDER |

This matter is before the court on filing no. 33, the defendants' Motion for Summary Judgment. The plaintiff, Dario Scott, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against DCS and three employees of DCS who allegedly interfered with the plaintiff's right to practice his religion. .

In their Motion for Summary Judgment, the defendants assert that the plaintiff failed to complete exhaustion of his administrative remedies before filing this lawsuit. As previously explained in the Order on Initial Review in this case, 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not *complete* the available grievance procedures, the plaintiff's claims may be subject to dismissal without prejudice.

In filing no. 36, the court's Memorandum and Order of November 15, 2005, I ordered the plaintiff to "file a written pleading stating whether or not he submitted a 'Step 2' grievance (even if not timely) regarding the subject matter of this litigation (religious rights) before he filed his complaint in court." I gave the plaintiff a deadline of December 12, 2005

1

to comply with my order, and I took the defendants' Motion for Summary Judgment under advisement until after December 12, 2005.

The plaintiff has failed to respond. Therefore, the defendants' allegations and evidence regarding the plaintiff's failure to complete exhaustion of administrative remedies stand uncontradicted. On the basis of the record and 42 U.S.C. § 1997e(a) of the PLRA, filing no. 33, the defendants' Motion for Summary Judgment is granted.[1] Judgment will be entered accordingly.

SO ORDERED.

January 18, 2006.   BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

---

[1] A dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000).

2